Dykman, J.
This is an action to foreclose a mortgage executed by Robert H. Berdell and wife to the testator of the defendant.
All the defendants permitted the usual judgment to be entered against them by default, and then the defendant, Spencer, who had been appointed receiver of the property of Robert H. Berdell, the mortgagor, in proceedings supplementary to execution under a judgment against him in favor of his daughter, obtained an order opening the default and permitting him to answer the complaint and defend the action.
The receiver thereupon answered alone, and set up want of consideration and want of delivery of the mortgage.
The issue so made by the receiver was tried at the special term and decided in favor of the plaintiff, and the receiver has appealed.
The defendant, Robert H. Berdell, was examined as a witness upon the trial in behalf of the receiver, and the plaintiff was then called and examined as a witness in her own behalf, and the trial judge yielded credence* to her' testimony as far as it proceeded and refused to give' credit to the testimony of Berdell, and the conclusion of the trial judge in that respect commands the assent of this court.
*508 The mortgage was executed and acknowledged before a proper officer by the defendants, Robert H. Berdell and wife, and no question is raised or dispute made respecting the execution and acknowledgment of the instrument.
The court has found, upon testimony amply sufficient to sustain the finding, that the mortgage was placed on record by the defendant Robert H. Berdéll.
There were four revenue stamps on the mortgage duly canceled by the initials of Robert H. Berdell. The attestation clause contained a statement that the mortgage was sealed and delivered in presence of the subscribing witness.
In this very action the mortgagor permitted judgment to-be taken against him by default and so far admitted the truth of the allegations in the complaint.
Although the mortgage was in possession and under the control of Berdell for about twelve years after it had been placed upon the record wrongfully as he claims, yet he never made any complaint to the plaintiff against the mortgage or its validity, and made no effort for its cancellation or destruction, or its removal from the record.
The plaintiff in this action was a member of the family of Robert H. Berdell when the mortgage was recorded, and she testified- on the trial that he told her he had the mortgage recorded. This testimony was contradicted by Mr. Berdell, but the trial judge believed it and based a finding upon it, and it seems -to us consonant with all the known and undisputed facts*and circumstances in the case.
Such voluntary action of the mortgagor in placing the mortgage on the record after the death of the mortgagee, and notifying his executrix thereof, and her acquiesence in such action constituted a valid delivery of the mortgage to the plaintiff as such executrix.
Our conclusion is that the mortgage is a valid security in the hands of the plaintiff as executrix of the mortgagee, and that no error has been committed either during the trial or in the rendition of the judgment.
The judgment should be affirmed, with costs.